Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MITCHEL SANTANA JARP<br><br>Apelante<br><br>v.<br><br>YADIRA MARIE RODRÍGUEZ ORTIZ, FRANKLIN CREDIT MANAGEMENT CORP.<br><br>Apelada | TA2025AP00249 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala de HUMACAO<br><br>Caso Núm.:<br>HU2024CV00833<br><br>Sobre:<br>Ejecución de Hipoteca |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 2 de octubre de 2025.

Comparece ante nos el señor Mitchel Santana Jarp (señor Santana Jarp o apelante), por derecho propio, mediante el presente recurso de *Apelación* y nos solicita que revoquemos la *Sentencia e*mitida el 16 de junio de 2025 y notificada el 17, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI).[1] Mediante el referido dictamen, el TPI desestimó la *Demanda* sobre usucapión, reanudación de tracto sucesivo y cancelación de gravamen hipotecario incoada por el apelante.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de apelación por tardío.

-I-

El presente caso tiene su génesis el 13 de junio de 2024, cuando el señor Santana Jarp incoó una *Demanda* en contra de la señora Yadira Marie Rodríguez Ortiz (señora Rodríguez Ortiz) y Franklin Credit Management Corp. (Franklin o apelada).[2] En esencia, esgrimió ser el dueño de un

---

[1] SUMAC TPI, Entrada Núm. 28.
[2] SUMAC TPI, Entrada Núm. 1.

inmueble en el barrio Santiago y Lima del municipio de Naguabo, y que adquirió la antedicha propiedad a través de compraventa mediante escritura pública otorgada ante notario. En adición, adujo que ha poseído el referido inmueble de forma ininterrumpida y pública desde el 29 de agosto de 2013. Asimismo, entre otras cosas, arguyó haber adquirido el dominio de la propiedad por virtud de prescripción adquisitiva o usucapión ordinaria y, en ese sentido, solicitó al TPI que ordenara la inscripción de su derecho propietario en el Registro de Propiedad, así como la eliminación del gravamen hipotecario.

Esencialmente, y por los hechos allí alegados, expuso que el tracto en el Registro de la Propiedad mostraba una realidad distinta a la expuesta por el señor Santana Jarp, la cual este no rebatió. De igual forma, arguyó que el apelante tuvo en su día la oportunidad de rebatirla y no lo hizo, por lo que no podía reclamar justo título basándose en documentos que el Registrador de la Propiedad se negó a inscribir. En ese sentido, sostuvo que no procedía la eliminación del gravamen hipotecario- como se reclamó en la Demanda- toda vez que no se encontraba presente ninguna de las causas de extinción de la hipoteca ni procedía la entrada del apelante como titular en el Registro por falta de tracto sucesivo.

Por su parte, el 14 de enero de 2025, el señor Santana Jarp presentó una *R[é]plica*.[3] En síntesis, sostuvo que el negocio jurídico mediante el cual la señora Rodríguez Ortiz adquirió la propiedad se efectuó en fraude de acreedores y que las escrituras de compraventa y constitución de hipoteca de dicha transacción fueron inscritas en el Registro de la Propiedad bajo un número de finca equivocado. Ripostó que era innecesario cuestionar la

---

[3] Acompañó su escrito en oposición con una *Certificación Registral* sobre el inmueble, emitida el 14 de junio de 2019, en la que consta la señora Rodríguez Ortiz como titular registral. De igual forma, del documento surgen inscritas la hipoteca objeto en el presente caso, la anotación de embargo en ejecución de sentencia por el caso número ECD20051821 y la anotación de demanda sobre ejecución de hipoteca del caso número HSCI200701623. Asimismo, de la Certificación Registral se reflejan como notificados y no inscritos los documentos sobre venta judicial a favor del señor Rodríguez Robles y compraventa a favor del apelante. Véase, SUMAC TPI, Entrada Núm. 26.

Certificación Registral en la que se refleja la titularidad de la señora Rodríguez Ortiz ya que fue producto de una doble venta o de una venta simulada y su registro- y la posterior corrección de este- no fue hecho conforme a derecho. Cónsono con ello, arguyó que la hipoteca que grava la propiedad era nula y, en ese sentido, recabó que procedía conceder su solicitud.

Justipreciadas ambas posturas, el 16 de junio de 2025, el TPI emitió *Sentencia*,[4] notificándola al día siguiente. En resumen, el foro primario razonó que, aun tomando como ciertos los hechos aducidos en la *Demanda* e interpretándolos de la forma más favorable al señor Santana Jarp, no procedía conceder remedio alguno a favor de este. Resaltó, que de la Certificación Registral que obraba en el expediente, se desprendía que la escritura de venta judicial presentada por el señor Rodríguez Robles y la escritura de compraventa presentada por el apelante, no fueron inscritas por el Registrador de la Propiedad notificándose defectos en el tracto sucesivo. Ello por cuanto la propiedad constaba inscrita a favor de la señora Rodríguez Ortiz y se encontraba gravada por la hipoteca.

Igualmente, resolvió que el señor Santana Jarp no contaba con un título inscrito en el Registro de la Propiedad por lo que no podía adquirir el dominio sobre el inmueble mediante usucapión ordinaria. Por otra parte, indicó que el apelante no reunía los requisitos para ser considerado tercero registral pues la escritura de venta judicial presentada por el señor Rodríguez Robles nunca fue inscrita en el Registro. En efecto, determinó que no contaba con la facultad para ordenarle al Registro de la Propiedad inscribir el inmueble a favor del apelante y cancelar el gravamen hipotecario inscrito a favor de la apelada.

---

[4] SUMAC TPI, Entrada Núm. 28.

No conteste con lo anterior, **el 11 de julio de 2025**, el señor Santana Jarp presentó una *Moción por Derecho Propio*.[5] Allí, reiteró que los hechos según relatados demostraban que la propiedad no le pertenecía a la titular registral y deudora hipotecaria. Consecuentemente, solicitó al foro primario que reconsiderara la *Sentencia* emitida. Días después, **específicamente el 14 de julio de 2025**, el apelante presentó una *Moción por Derecho Propio Solicitando Reconsideración y Reanudación del Tracto Sucesivo*.[6] En síntesis, reiteró los planteamientos esbozados en su previa moción y solicitó, nuevamente, la reconsideración del dictamen.

El **11 de julio de 2025**, notificada el día 17, el foro *a quo* emitió una *Orden* en la que declaró *NO HA LUGAR* al petitorio de reconsideración incoado por el señor Santana Jarp.[7] Aun inconforme, **el 15 de agosto de 2025,** el apelante acudió ante nos mediante un escrito intitulado *Moción por Derecho Propio Solicitando Intervención sobre dicta [sic] Sentencia y Reanudación del Tracto Sucesivo*.[8] Aun cuando el recurso no contiene señalamiento de error en específico, el señor Santana Jarp solicita la revocación de la *Sentencia* emitida por el foro primario y reitera los argumentos esbozados ante el TPI.

Junto con su recurso, el señor Santana Jarp presentó una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*.[9] El 21 de agosto de 2025, emitimos y notificamos una *Resolución* en la que concedimos la referida solicitud del apelante.[10] Asimismo, le ordenamos a la parte apelada a exponer su alegato dentro del término dispuesto en el Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas.* Reglamento

---

[5] SUMAC TPI, Entrada Núm. 32. Cabe hacer mención que, el 20 de junio de 2025, la representación legal del apelante presentó una *Moción Solicitando Relevo de Representación Legal*, la cual fue declarada *ha lugar* por el foro primario. *Véase* SUMAC TPI, Entradas Núm. 29 y 30.

[6] SUMAC TPI, Entrada Núm. 33.

[7] *Íd.*, Entrada Núm. 34.

[8] SUMAC TA, Entrada Núm. 1.

[9] *Íd.*, Entrada Núm. 2.

[10] *Íd.*, Entrada Núm. 3.

TA, 2025 TSPR 42, 215 DPR ___ (2025). El 30 de septiembre de 2025, Franklin Credit Management Corp., presentó el *Alegato de la Parte Apelada,* por lo que, con el beneficio de la comparecencia de todas las partes, damos por sometido el asunto y procedemos a resolver.

-II-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón *et al.* v. ELA *et al.,* 204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007). Por ende, las cuestiones relativas a la jurisdicción pueden considerarse *motu proprio* o a petición de parte, en cualquier etapa de los procedimientos, incluso en la apelativa. Rosario Domínguez, *et al.* v. ELA, *et al.,* 198 DPR 197, 206 (2017); Ríos Martínez, Com. Alt. PNP v. CLE, 196 DPR 289 (2016).

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. Allied Mgmt. Group v. Oriental Bank, *supra*; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo.

Es harto conocido que un recurso prematuro, **al igual que uno tardío**, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial para acogerlo. MMR Supermarket v. Mun. Aut. de San Lorenzo, 210 DPR 271 (2022) (citando a Juliá *et al*. v. Epifanio Vidal, SE, 153 DPR 357 (2001)).

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Expuesto el marco jurídico aplicable, procedemos a explicar las razones por las cuales, al evaluar el legajo apelativo con miras a resolver las controversias allí planteadas advertimos la obligación de desestimar el recurso.

-III-

En el presente caso, si bien el señor Santana Jarp no señala ninguna comisión de error específica por parte del foro *a quo*, el texto de su escrito nos revela que, claramente está en desacuerdo con la *Sentencia* emitida. Como vimos, el foro primario desestimó la causa de acción del apelante por virtud de la solicitud de desestimación presentada por Franklin. Específicamente, el TPI determinó que, aun tomando como ciertas las alegaciones bien hechas en su *Demanda*, al señor Santana Jarp no expuso una reclamación que justificara la concesión de un remedio.

Un análisis objetivo y cuidadoso del expediente ante nos, específicamente del primer escrito en solicitud de reconsideración instado, apreciamos que a través de este se intentó solicitar una reconsideración **tardía** de la *Sentencia* notificada el 17 de junio de 2025. Veamos.

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone que "[l]a parte adversamente afectada por una **sentencia** del Tribunal de Primera Instancia podrá presentar, dentro del **término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia**, una moción de reconsideración de la sentencia." *Íd.*, (énfasis nuestro). Asimismo, la precitada regla establece que "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' **y se entenderá que no ha interrumpido el término para recurrir**." *Íd.*, (énfasis nuestro).

Por otro lado, la Regla 13 del Reglamento del Tribunal de Apelaciones establece que las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia se presentarán dentro del **término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia**.

Del expediente ante nos surge que la *Sentencia* fue notificada por el foro de instancia el **17 de junio de 2025**. Consecuentemente, el señor Santana Jarp contaba con un término jurisdiccional para solicitar la reconsideración del dictamen vencedero el **2 de julio de 2025**. En ese sentido, al presentar una solicitud de reconsideración el **11 de julio de 2025**, el apelante lo hizo nueve (9) días en exceso del término jurisdiccional disponible. Esto, implica que el término para recurrir en apelación del dictamen emitido no fue interrumpido, sino que continuó en curso y venció el **17 de julio de 2025**, esto es, a los treinta (30) días de notificada la *Sentencia*. Toda vez que el señor Santana Jarp instó su recurso de *Apelación* ante esta Curia el **15 de agosto de 2025**, es forzoso concluir que el mismo fue uno tardío por cuanto el dictamen ya había advenido final y firme.

Concluyentemente, carecemos de jurisdicción para atender el recurso y estamos obligados a desestimarlo.

-IV-

Por los fundamentos que anteceden, **desestimamos** el recurso de *Apelación* por haberse presentado tardíamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones